**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                          :
TRENTON METROPOLITAN AREA          :
    LOCAL OF THE AMERICAN          :
    POSTAL WORKERS UNION,          :
    AFL-CIO,                                  :       CIVIL ACTION NO. 06-2319 (JAP)
                                          :
          Plaintiff,          :
       v.                           :       **OPINION**
                                          :
UNITED STATES POSTAL              :
    SERVICE,                             :
                                          :
         Defendant.          :
_____:

APPEARANCES:

Mark E. Belland, Esq.
Jeffrey R. Caccese, Esq.
Brett I. Last, Esq.
O'Brien, Belland & Bushinsky, LLC
2111 New Road, Suite 101
Northfield, New Jersey 08225
    *Attorneys for Plaintiff*

Christopher J. Christie, Esq.
United States Attorney
Colette R. Buchanan, Esq.
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
    *Attorneys for Defendant*s

PISANO, District Judge.

On May 28, 2008, the Court granted in part a motion for summary judgment brought by

Plaintiff Trenton Metropolitan Area Local of the American Postal Workers Union, AFL-CIO

-1-

("Trenton Metro"), enforcing a "Pre-Arbitration Settlement Agreement" entered into by Trenton Metro and Defendant United States Postal Service ("USPS").  The Court, however, denied in part Trenton Metro's motion in respect of its claim for monetary damages.  On June 6, 2008, Trenton Metro filed a motion to enforce this Court's May 28, 2008 Order and a motion for reconsideration.   The USPS opposes that motion, and, on June 11, 2008, the USPS filed a motion for reconsideration and to alter or amend the May 28, 2008 judgment.  Trenton Metro opposes that motion.  The USPS also filed a motion for a stay of judgment pending consideration of its motion to alter or amend the judgment.  The Court, however, denied the USPS's motion for a stay on July 7, 2008.

For the reasons set forth herein, the Court denies Trenton Metro's motion for reconsideration and the USPS's motion for reconsideration and to alter or amend the May 28, 2008 judgment.  In addition, the Court grants Trenton Metro's motion to enforce the Court's May 28, 2008 Order.

## I.      BACKGROUND

On May 18, 2006, Trenton Metro filed a Complaint against the USPS, seeking the Court to enforce the terms of a Pre-Arbitration Settlement Agreement ("Settlement Agreement") entered into by Trenton Metro and the USPS.  The Complaint alleged that the USPS violated the Settlement Agreement by removing members of the mail processing clerk craft ("clerks") from work performed on a mail sorting machine, the Automated Flat Sorter Machine 100 ("AFSM-100").

On November 21, 2007, Trenton Metro moved for summary judgment against the USPS, arguing that no question of material fact existed as to the USPS's breach of the Settlement

Agreement, the enforceability of that Settlement Agreement, and the amount of compensatory and punitive damages to which Trenton Metro was entitled thereby.  In particular, Trenton Metro based its claim for compensatory damages on the loss of new jobs, union dues, and overtime wages.  On January 17, 2008, the USPS opposed Trenton Metro's motion and cross-moved for summary judgment to be entered in its favor.  The USPS argued that the Court lacked jurisdiction over the dispute, the Settlement Agreement was not enforceable because it was ambiguous, and Trenton Metro could not sustain a claim for monetary damages.

On May 28, 2008, the Court granted in part Trenton Metro's motion for summary judgment, finding that the Settlement Agreement is enforceable and that the USPS breached the Agreement by failing to staff the AFSM-100 machines in accordance with that Agreement.  The Court, however, denied in part Trenton Metro's motion in respect of its claim for damages.  The Court concluded that Trenton Metro had not established that the USPS's breach of the Settlement Agreement caused Trenton Metro to suffer any economic loss.  Rather, the Court found that Trenton Metro's claim for compensatory damages was based on attenuated arguments—that is, that the breach caused a decrease in overall positions available to clerks, leading to the USPS's failure to hire new clerks who would have paid union dues, and that the breach resulted in a decrease in overtime wages available to clerks.

Presently before the Court are motions for reconsideration of, and to alter or amend, the May 28, 2008 Opinion.[1]  In addition, Trenton Metro moves for an enforcement of the May 28,

_____

[1] On July 1, 2008, the USPS also moved to strike the reply brief filed by Trenton Metro in response to the USPS's opposition to Trenton Metro's motion for reconsideration.  The USPS argues that the brief is improper pursuant to Local Civil Rule 7.1(i).  Although the Local Civil Rules do not explicitly state that a reply brief cannot be filed on a motion for reconsideration without Court approval, the comments to the Rule and case law note that a reply brief is not

2008 judgment, submitting that the USPS has not complied with that Order.  The USPS also moved for a stay of the prior judgment, pending the Court's determination of the motions for reconsideration.  However, on July 7, 2008, the Court denied that motion.

Further, on July 8, 2008, the USPS filed a supplement to its statement of facts originally filed with its motion to alter or amend the judgment.  That supplement included the Declaration of Gary W. Johnston, Manager of Labor Relations for the New York Metro Area of the USPS with an attached question and answer memorandum explaining the dispute resolution procedures set forth in the RI-399—those procedures related to issues presented on the cross-motions for summary judgment.  Trenton Metro objects to the untimely filing of the supplemental statement of facts.

## II.     DISCUSSION

### A.     Motions for Reconsideration of, and to Alter or Amend, the May 28, 2008 Opinion

#### 1.     <u>Standard of Review</u>

Federal Rule of Civil Procedure 59(e) provides a party ten days after the entry of a judgment to file a motion to alter or amend that judgment.  Fed. R. Civ. P. 59(e).  "[T]he purpose of a Rule 59(e) motion for reconsideration is to correct manifest errors of law or fact (or to present newly discovered evidence)."  *In re FleetBoston Fin. Corp. Sec. Litig.*, 2007 WL 4225832, *3 (D.N.J. Nov. 28, 2007).  The party moving to alter or amend a judgment must

---

permitted without permission.  Allyn Z. Lite, *New Jersey Federal Practice Rules* (2008), L. Civ. R. 7.1 comment 6c (citing *Lombardi v. Morris County Sheriff's Dep't*, 2007 WL 2363160, *2 n.1 (D.N.J. Aug. 14, 2007)).  The Court finds that, although Trenton Metro should have sought permission to file its reply brief, no prejudice resulted from the improper filing.  Nevertheless, finding that a prompt resolution of this matter is of utmost importance here, the Court denies the USPS's request to file a reply brief on its motion for reconsideration.

establish that the Court reached its decision by overlooking dispositive factual matters or controlling decisions of law and that the Court's consideration of those factual matters or decisions of law "might reasonably have resulted in a different conclusion." *Ibid.* (internal quotation marks omitted). Generally, the grounds for granting a motion to alter or amend a judgment are identical to those that must be established before the Court grants a motion for reconsideration under Local Civil Rule 7.1(i).

In New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). L. Civ. R. 7.1(i). A district court exercises discretion on the issue of whether to grant a motion for reconsideration. *N. River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995). A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* at 1218 (internal quotation and editing marks omitted). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Ibid.* (internal quotation marks omitted).

##### 2.   <u>Analysis</u>

Currently before the Court are cross-motions for reconsideration. Trenton Metro seeks the Court to reconsider its May 28, 2008 adjudication that Trenton Metro did not sustain its claim for monetary damages. The USPS opposes Trenton Metro's motion, but seeks the Court to reconsider the May 28, 2008 Opinion in respect of the finding that the Settlement Agreement

between the parties is enforceable.  Trenton Metro opposes the USPS's motion.  The Court addresses each motion in turn.

a.  ***Trenton Metro's Motion***

Trenton Metro argues that the Court should reconsider its denial of summary judgment as to Trenton Metro's claim for compensatory damages.  Trenton Metro submits that the Court overlooked certain facts and that manifest injustice would occur if the Court denies Trenton Metro's motion for reconsideration.  Essentially, Trenton Metro claims that the Court overlooked the union's loss of dues and overtime caused by the USPS's failure to comply with the Settlement Agreement.

First, the Court rejects Trenton Metro's attempt to seek a reconsideration based on the argument that the Court overlooked the fact that Trenton Metro lost union dues.  In fact, the Court considered, and rejected, Trenton Metro's claim that it lost union dues.  *Trenton Metro. Area Local of the Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv.*, 06-2319, Opinion at 15-16 (D.N.J. May 28, 2008).  The Court found that Trenton Metro's claim for union dues was based on speculation that, had the USPS abided by the terms of the Settlement Agreement and permitted clerks to work on the AFSM-100 machines, the USPS would have replaced clerks who left their employment based solely on attrition and retirement.  The Court, thus, concluded that Trenton Metro did not establish that the loss of union dues that newly-hired clerks would have paid was "a reasonably certain consequence" of the USPS's breach, rather than the result of other factors that could affect the USPS's hiring process.  *See Totaro, Duffy, Cannova and Company, L.L.C. v. Lane, Middleton & Company, L.L.C.*, 191 N.J. 1, 14 (2007) (finding that, although "mere uncertainty as to the quantum of damages" cannot preclude award of damages, non-

breaching party must establish that alleged loss was "a reasonably certain consequence of the breach").  Indeed, the Court did not overlook Trenton Metro's claim for lost union dues.

Second, the Court also rejects Trenton Metro's argument that the May 28, 2008 Opinion overlooked Trenton Metro's claim for lost overtime wages.  The Court's previous Opinion specifically found that the union failed to establish that clerks actually lost overtime wages.  Although Trenton Metro offered proof indicating that clerks lost overtime hours on the AFSM-100 machines, Trenton Metro did not establish that clerks had an overall decrease in overtime hours, such that the clerks suffered an identifiable loss of overtime hours.  For instance, the clerks reassigned to positions off of the AFSM-100 machines could have worked overtime in other positions.  Furthermore, the decrease in overtime could have been attributable to the modifications on the sorting machines rather than a result of the USPS's breach.  The Court, thus, did not overlook Trenton Metro's claim for its loss of overtime wages; rather, the Court considered it and found that Trenton Metro did not sustain its burden.

Essentially, Trenton Metro has not established that reconsideration of the May 28, 2008 Opinion is warranted.  Trenton Metro does not proffer evidence that was not previously available.  Furthermore, because the Court did not overlook certain facts in its previous Opinion, reconsideration is not necessary to prevent manifest injustice.  Trenton Metro's motion is simply a "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]"  *G-69*, *supra*, 748 F. Supp. at 275 (internal quotation marks omitted).  For those reasons, the Court denies Trenton Metro's motion for reconsideration.

### b.    *The USPS's Motion*

The USPS also moves for reconsideration of, and to alter or amend, the May 28, 2008

Opinion.  The USPS argues that reconsideration is warranted to correct a clear error of law.

Specifically, the USPS submits that the Court misapplied *United Mine Workers of America*

*District Number 5 v. Consolidated Coal Co.* ("*Consolidated Coal*"), 666 F.2d 806 (3d Cir. 1981),

to find that the Settlement Agreement is enforceable.  According to the USPS, the Court could

not enforce the Settlement Agreement because it is not a final and binding agreement.

The Court finds that the USPS attempts to raise an argument it could have raised in its

original cross-motion for summary judgment or in opposition to Trenton Metro's motion for

summary judgment.  However, the USPS did not do so.  Rather, in moving for summary

judgment, the USPS relied on *Consolidated Coal* to contend that the Court could not "say with

positive assurance" that the Settlement Agreement intended to cover the dispute before the Court.

 *Consolidated Coal*, *supra*, 666 F.2d at 811.  At that point, the USPS did not argue that

*Consolidated Coal* required a finding that the Settlement Agreement is not a final and binding

agreement.

"Ordinarily, a motion for reconsideration may address only those matters of fact or issues

of law which were presented to, but not considered by, the court in the course of making the

decision at issue."  *Lombardi v. Morris County Sheriff's Dep't*, 2007 WL 2363160, *2 (D.N.J.

Aug. 14, 2007).  However, despite the USPS's failure to raise the issue before the Court on the

cross-motions for summary judgment, the Court did consider whether the Settlement Agreement

is final and binding upon the parties.  *Trenton Metro.*, *supra*, 06-2319, Opinion at 11 (D.N.J.

May 28, 2008).  The Court found that, considering case law and the language of the agreements

between the parties, the operating collective bargaining agreement provided for a final

adjudication of a grievance through a pre-arbitration settlement.  The Court thereby concluded

that the Settlement Agreement, as a pre-arbitration settlement, is final and binding.

The Court, thus, finds that there is no need to correct a clear error of law.  First, the Court already considered the issue of whether the Settlement Agreement is final and binding.  Second, the Court applied the holding of *Consolidated Coal* to find that the Settlement Agreement is "sufficiently specific as to be capable of implementation."  *Consolidated Coal*, *supra*, 666 F.2d at 810.  Moreover, the Court emphasizes that a motion for reconsideration may not be "used to revisit or raise new issues with the benefit of 'the hindsight provided by the court's analysis.'" *Leja v. Schmidt Mfg., Inc.*, 2008 WL 1995140, *3 (D.N.J. May 6, 2008) (quoting *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)).

Finally, turning to the USPS's supplemental statement of facts regarding an interpretation of RI-399, the Court rejects the submission as both untimely and inadequate to warrant a reconsideration of the May 28, 2008 Opinion.[2]  First, the USPS filed the supplement one day after the return date of the pending motion.  At that point, both parties had fully briefed the motions to reconsider and to alter or amend the May 28, 2008 Opinion.  The USPS does not offer any explanation for its failure to include these supplemental facts in its motion for reconsideration.  Indeed, a district court has discretion to penalize a party for non-compliance

_____

[2]  The USPS, via letter dated July 18, 2008, also requests clarification as to Footnote 5 of the May 28, 2008 Opinion.  The USPS suggests that Footnote 5 instructs it somehow on RI-399 procedures.  However, that Footnote does not attempt to interpret the proper procedures and processes of RI-399; rather, Footnote 5 suggests that the result of a RI-399 process may be a change in jurisdiction over the modified AFSM-100 machines from clerks to mail handlers.  The Court explained that, although the ultimate result may be a change in jurisdiction, the USPS is obligated under the Settlement Agreement to ensure that clerks have jurisdiction over the machines *pending* the resolution of the RI-399 dispute.  Essentially, the Court recognized in Footnote 5 that RI-399 provided the USPS with a mechanism through which it could seek a change to the effect of the Settlement Agreement's terms.

with a deadline.  *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 178 (3d Cir. 1991).  Accordingly, the Court rejects the supplemental statement of facts as untimely submitted.

Second, even if the USPS had timely included the explanatory memorandum in its motion for reconsideration, the Court rejects this "new" evidence because the USPS has not shown that the memorandum was not previously available.  To prove that evidence is newly discovered for purposes of a motion for reconsideration, the moving party "must show that through the exercise of due diligence, the evidence was not and could not have been discovered in time to produce it" on the original motion for summary judgment.  *Bosco v. C.F.G. Health Sys., LLC*, 2007 WL 1791254, *2 (D.N.J. June 19, 2007) (internal quotation marks omitted).

The USPS has failed to meet this burden.  In its cover letter to the supplemental statement of facts, the USPS flatly asserts that it "*inadvertently* failed to include these facts in its statement of facts."  (Emphasis supplied).  Such a statement does not explain why the USPS did not proffer the memorandum in issue on its summary judgment motion, or in its opposition to Trenton Metro's summary judgment motion.  Significantly, the USPS does not explain that the USPS exercised due diligence but could not previously locate this evidence, or even assert that this memorandum was *not* available when the Court considered the cross-motions for summary judgment.  Accordingly, the Court will not reconsider or alter or amend the May 28, 2008 Opinion based upon this newly proffered evidence.

For those reasons, the Court denies the USPS's motion for reconsideration and to alter or amend the Court's May 28, 2008 Opinion.

### B.    Motion to Enforce the May 28, 2008 Judgment

#### 1.    <u>Standard of Review</u>

-10-

This Court has the power to enforce its own orders and exercises discretion in deciding whether to do so. *See Union Switch & Signal Div. Am. Standard Inc. v. United Electrical, Radio and Mach. Workers of Am., Local 610*, 900 F.2d 608, 615 (3d Cir. 1990) (reviewing district court's denial of motion to enforce for abuse of discretion).  A motion to enforce a judgment previously entered by this Court may be made at any time after the entry of a judgment. *Pittsburgh Terminal Corp. v. Baltimore & Ohio R.R.*, 824 F.2d 249, 253 (3d Cir. 1987). Furthermore, as previously stated in the Court's May 28, 2008 Opinion, the Court may enforce contracts between labor unions and employers.  29 U.S.C. § 185(a).

### 2.    **Analysis**

Trenton Metro presently moves for an order enforcing the Settlement Agreement.  Indeed, that is the relief the Court granted in its May 28, 2008 Opinion and Order.  However, Trenton Metro contends that the USPS has not implemented changes in response to the Court's May 28, 2008 Order enforcing the terms of the Settlement Agreement.  The USPS opposes this motion on the bases on which it relies for its motion for reconsideration.

Although the relief sought in this motion is duplicative of this Court's previous ruling in the May 28, 2008 Opinion and Order, the Court finds that a grant of the motion to enforce is warranted.  The Court, thus, enforces the terms of the October 28, 2005 Pre-Arbitration Settlement Agreement between Trenton Metro and the USPS, and orders that the USPS make all reasonable efforts to implement the terms of the Settlement Agreement within a reasonable period of time.  Nevertheless, the Court finds that an award of attorneys' fees and costs is not warranted.

The USPS, however, submits that it is unsure as to the manner in which it must

implement the terms of the Settlement Agreement.  In a letter dated July 18, 2008—filed in response to the Court's denial of the motion to stay—the USPS seeks clarification as to the manner in which it is to enforce the terms of the Settlement Agreement.  Although the USPS suggests that there are three possible "interpretations" as to implementing the Settlement Agreement, the Court finds that the Settlement Agreement is unambiguous in its terms. Nevertheless, the Court reiterates and emphasizes the terms of the Settlement Agreement to address the USPS's request for clarification.

The Agreement provides that up to five clerks shall perform the work on the AFSM-100 machines.  If the work does not require five clerks, then one to four clerks shall work the machines, depending on the workload.  However, if the work requires more than five clerks, then the USPS may staff a mail handler to the machine as the sixth person.  If the USPS does assign a mail handler as a sixth person on the AFSM-100 machine, then, when the work decreases, the USPS shall remove first the mail handler from the AFSM-100 position.  If necessary, once the mail handler has been removed, then the USPS may remove any number of clerks to adjust to the workload.  *See Trenton Metro.*, 06-2319, Opinion at 4 (D.N.J. May 28, 2008).  Indeed, the number of clerks required to work on the AFSM-100 machines correlates to the workload on a case-by-case basis.  The essence of implementing the terms of the Settlement Agreement is that the positions available on the AFSM-100 machines are to be assigned to clerks up to a threshold of five positions per machine.  These are the terms that the USPS must implement.

### III.    CONCLUSION

For the reasons stated above, the Court denies Trenton Metro's motion for reconsideration and the USPS's motion for reconsideration and to alter and amend the May 28,

2008 Opinion and Order.  The Court, however, grants Trenton Metro's motion to enforce the

Settlement Agreement and the Court's May 28, 2008 Order, but denies Trenton Metro's request

for fees and costs.  An appropriate Order accompanies this Opinion.


/s/ Joel A. Pisano_____
JOEL A. PISANO, U.S.D.J.


Dated: July 22, 2008